**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

FRANCIS G. WATSON,

        Plaintiff,

    v.

UNITED STATES, *et al*.

        Defendants.

Case No. 2:16-cv-00608-RFB-CWH

<u>**ORDER**</u>

Defendant's Motions to Dismiss (ECF No. 5)

## I.     INTRODUCTION

This case is before the Court on a Motion to Dismiss for Lack of Jurisdiction by Defendant United States (ECF No. 5).

For the reasons stated below, the Motion to Dismiss is GRANTED as to the United States. The remaining claims against Defendants Kirmani, Nevada Retina Associates, Eisenberg, and Shepherd Eye Center, brought under Nevada state law, are remanded to state court.

## II.     BACKGROUND

### A. Factual Background

Plaintiff's Complaint asserts medical malpractice and professional negligence causes of action against Defendants. The Court finds the following summary of factual allegations relevant to the federal Defendant in this case:

On or about November 5, 2013, Mr. Watson presented to Dr. Molchan of the Opbalmology Department at Nellis Air Force Base, for an operation on his left eye. During the surgery, Dr. Molchan placed an interior chamber lens that was oversized, which caused Mr. Watson to have stretching of the iris and significant bleeding issues. On or about November 15, 2013, Dr. Molchan

performed an anterior chamber irrigation on Mr. Watson's left eye to remove dried blood, which provided partial vision. After Mr. Watson saw Dr. Molchan for multiple appointments, the parties decided that Mr. Watson should seek consultation from a retina specialist.

Watson's Complaint also contains various allegations related to other subsequent operations with different doctors, who are the non-federal Defendants in this case. As a result of Defendants' actions, Mr. Watson is blind in his left eye and has permanent glaucoma.

### B. Procedural Background

Plaintiff filed his Complaint against federal employee Defendant Ryan P. Molchan, and remaining non-federal Defendants, on April 30, 2015, in Clark County District Court. Defendant Molchan was served on January 5, 2016. The case was removed to federal court on March 18, 2016. (ECF No. 1). On March 18, 2016, the United States filed a motion to substitute itself for individual Defendant Ryan P. Molchan, in the matter. (ECF No. 2). The Court granted this motion, pursuant to the Westfall Act, since the United States Attorney's office provided a certification that, at all times relevant to the allegations in the Complaint, Dr. Molchan was acting within the course and scope of federal employment or office with the United States. The Court granted this substitution on January 29, 2017.

Defendant United States filed a Motion to Dismiss for Lack of Jurisdiction on March 25, 2016. (ECF No. 5). Plaintiff filed a Response on April 15, 2016. (ECF No. 10), and Defendant filed a Reply on April 28, 2016. (ECF No. 15). A hearing was held on February 9, 2017, and the Court incorporates the discussion from that hearing by reference.

### III. LEGAL STANDARD

#### A. Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) authorizes a challenge based on lack of subject matter jurisdiction. A Rule 12(b)(1) jurisdictional attack may be facial or factual. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. See Safe Air for Everyone v. Meyer,

373 F.3d 1035, 1038 (9th Cir. 2004). In a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. Id. The burden of establishing the subject matter jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994).

### B. Jurisdiction under the Federal Tort Claims Act

Absent a waiver, sovereign immunity shields the Federal Government and its agencies from lawsuits against them. FDIC v. Meyer, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature. "Indeed the terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit." Id. at 475. The Federal Tort Claims Act contains a limited waiver of sovereign immunity, rendering the United States liable to the same extent as a private party for certain torts committed by federal employees. 28 U.S.C. 1346(b). The Act gives federal courts exclusive jurisdiction over claims against the United States for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of federal employees acting within the scope of their employment. 28 U.S.C. 1346(b)(1). An exception to the FTCA lies for intentional torts. 28 U.S.C. 2680(h).

### C. Gonzalez Act

The Gonzalez Act, also known as the Medical Malpractice Immunity Act, makes claims against the United States under the FTCA the exclusive remedy for injuries resulting from malpractice committed by medical personnel of the armed forces and other specified agencies. 10 U.S.C. 1089(a). A subsection of the Gonzalez Act provides that 2680(h)'s intentional torts exception "shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions." 10 U.S.C. 1089(e). The Supreme Court has interpreted this to abrogate the FTCA's intentional tort exception in this context. Levin v. U.S., 133 S.Ct. 1224, 1235 (2013).

### D. Westfall Act

The Westfall Act makes the remedy against the United States under the FTCA exclusive for torts committed by federal employees acting within the scope of their employment. Id. at 1229.

## IV.    DISCUSSION

Defendant United States argues that Plaintiff's Complaint does not cite or otherwise reference either a statute conferring jurisdiction on this Court, or a statute waiving the United States' immunity from suit. The face of Plaintiff's Complaint contains only "medical malpractice" and "professional negligence" causes of action. Plaintiff has not specifically pled a violation of the FTCA. However, Plaintiff has clearly made out factual allegations regarding a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions. Since federal employee Defendant was certified to have been acting in the scope of his employment, the United States was properly substituted as Defendant. The only remedy against the United States for torts is through the FTCA. Defendant has clearly been on notice of an FTCA claim, and the Complaint could easily be amended to list the FTCA as the vehicle through which Plaintiff is bringing his claims against the United States. Therefore, the Court rejects this argument for dismissal.

However, Defendant further argues that Plaintiff had not exhausted his claim administratively with the Air Force before initiating his lawsuit, and that therefore, the Court would not have jurisdiction over any FTCA claim. Plaintiff's claim was initially presented to the Department of Veteran's Affairs on April 28, 2015. (ECF No. 5-2). The VA subsequently informed Mr. Watson that his claim should be presented to Nellis Air Force Base, as Dr. Molchan was employed by the Air Force. (ECF No. 5-3). On May 18, 2015, the claim was received by the Air Force. Plaintiff filed his Complaint in Clark County District Court on April 30, 2015. This was eighteen days before the claim was received by the Air Force.

The FTCA provides that "an action shall not be instituted upon a claim against the United States for money damages unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by

certified or registered mail." 28 U.S.C. 2675(a). If the agency does not make a disposition of the claim within six months, the claimant may deem the failure to act as a denial, and he may file suit. Id. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, or notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. 2401(b). The Supreme Court has determined that this statute "indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command." McNeil v. U.S., 508 U.S. 106, 111-12 (1993). "Given the clarity of the statutory text, it is certainly not 'a trap for the unwary.' It is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent." Id.

Plaintiff argues that due to Nevada's medical malpractice statutes, he was required to file his Complaint within one year of the surgery at issue, on or before early May 2015, and that this is why he initiated his state claim prior to mailing his administrative claim to the Air Force. However, in federal court, where he was required to bring his claims against federal Defendant, the Nevada state statute of limitations is inapposite. The FTCA is the only vehicle through which Plaintiff could bring his claim against the federal Defendant, who was clearly acting within the scope of his federal employment. The FTCA statute of limitations is specified in 28 U.S.C. 2401(b), requiring that the tort claim must be presented to the appropriate federal agency within two years after it accrues. See Landreth By and Through Ore v. U.S., 850 F.2d 532, 533-34 (9th Cir. 1988). State law statutes of limitation would not have been relevant to the FTCA claim.

Plaintiff also argues that Defendants actions were so intertwined that the action could not be severed, as to the federal and non-federal Defendants. Therefore, Plaintiff states that he filed

his Complaint against all the named Defendants together in state court, but did not serve the Complaint, so that the action would not "commence", pending a determination of the claim by the federal agency. Plaintiff requested that the state court extend the time for service by six months, to allow the federal agency's six-month period in which to conclude an investigation, to occur.

Although bringing separate cases against the non-federal Defendants, within the requisite Nevada statute of limitations, may have been inconvenient or may not have been preferable to Plaintiff, Plaintiff has raised no law, and the Court is not aware of any, that grants him an exception to the clear requirement of 28 U.S.C. 2675(a) for reason of inconvenience. Plaintiff could have instituted his action in state court against the non-federal Defendants, and waited to bring his FTCA claim separately as against the United States, pending the resolution of his administrative complaint. The Ninth Circuit has stated that the case law on exhaustion "ought not to be read as preventing a plaintiff who wishes to state a number of federal and state law claims against an array of defendants from filing a complaint alleging common facts and amending it after exhaustion to state an additional claim under the FTCA." Valadez-Lopez v. Chertoff, 656 F.3d 841, 857 (9th Cir. 2011). The Supreme Court was clear in McNeil that "the normal interpretation of the word 'institute' is synonymous with the words 'begin' and 'commence'" and that the statute requires "complete exhaustion of executive remedies *before invocation of the judicial process*", not merely before a party is served. McNeil, 508 U.S. at 1984 (emphasis added). Plaintiff invoked the judicial process when he filed his Complaint in state court on April 30, 2015. The Air Force received his administrative claim on May 18, 2015, 18 days after he filed suit in state court. Therefore, he had not exhausted his administrative remedies, and this Court does not have jurisdiction over any FTCA claim.

**V.     CONCLUSION**

Accordingly, the Motion to Dismiss is GRANTED as to the United States. The remaining claims against Defendants Kirmani, Nevada Retina Associates, Eisenberg, and Shepherd Eye Center, brought under Nevada state law, are remanded to state court.


DATED this 6th day of July, 2017.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**